Mr. Roy, good morning. And then we have Mr. Norwood here remotely. Mr. Norwood, can you hear us and see us okay? Yes, I can, Your Honor. Can you hear me? Yes. Good morning. All right. Good morning. May it please the Court, Mr. Norwood. My name is Michael Roy on behalf of Appellant Senque Bingham. This Court should vacate Mr. Bingham's sentence and remand for resentencing because the District Court erred by denying safety valve relief. Mr. Roy, can I ask you a question, Your Honor? If we do that, okay, would you agree that the District Judge would be free to reconsider whether or not the safety valve applies in this case, including the possession of firearms? She made some comments at sentencing that are a little inconsistent. She found, at one point, she found that he didn't possess a gun but others did. But at another point, at least, she suggested that perhaps he possessed a gun. If we decide in your favor on the issue of the safety valve and remand for her to figure out whether or not the safety valve applies in this case, do you agree that your client still may not qualify for the safety valve? No, I wouldn't agree with that. I think there's two components to that question. But, okay, I'm interested in why you would not agree with that. Well, first, in terms of the no firearms provision, I don't see as that he did not possess a firearm. But is she stuck with her findings? That's it? She can't clarify? I would think law of the case would control here. Even as to her? Yes, I would say it would still apply as to her. And I don't think there's ambiguity because she found he didn't possess in furtherance of the offense. Is there any case law support that you have for that? I don't have anything off the top of my head, no, Your Honor. Though I do think the findings are clear in that she said, I do not find that he possessed in furtherance of the conspiracy. Later, the part I think you're referencing where it seemed a little bit ambiguous, she would say, yes, there was some evidence of him having possession. There's a lot. There's not some. There's a lot of evidence of him having possession of a gun. And I'm just curious as if she, you know, sometimes district judges find in favor of a defendant on a particular enhancement. And here she, it seems as if she was making a finding in favor of the defendant, despite the fact that she thought the safety valve still would not apply. Now, if we tell her it doesn't, if you make that particular finding, I'm just curious as to whether she can go back and reconsider. I think Judge Yandel was pretty careful in how she considered the facts and the evidence the government presented and that, yes, there was evidence of possession, but it wasn't connected with the conspiracy. And there was, there was a lot put on that was separate from the conspiracy. So there was, I think that the biggest assistance is like, there was the recording where he said, I pulled the strap, which the government explained meant not that he pulled a gun, but they had a gun that he borrowed from someone basically saying, oh yeah, I totally would have pulled it out if my mom wasn't there. I don't know how strong that is. It's kind of right. I would have pulled the gun, but my mom wasn't around. So I didn't, it seems more like just bravado from a teenager. But, but the judge, I think rightfully found that it had no connection to the methamphetamine conspiracy. It was just a completely unrelated incident and the government already put forth the evidence that it had for possession and furtherance of the conspiracy. The government's not arguing now that there was any clear error in the district court's findings. So I think to give the government a second bite at the apple. I'm not, I'm not, I'm not suggesting that I, you know, I'm not, the question is, if we remand for sentencing, right, do they get a second bite at the apple? They've already presented their evidence. But if we, if we wholesale remand for sentencing, a lot of times that sentencing starts over. And even if we give a limited remand for the district judge to determine whether the safety valve applies, I don't see any reason the district judge can't reconsider the evidence especially in a case like this where she sort of went right to the two level enhancement applies and obviously the safety valve does not apply because of the two level enhancement. Right. And our request is a limited remand. I think even narrower than what you're saying, judge, and that our view is that the remand should be with instructions. Right. You want us to, you want us to make that determination. And I understand that the judge did not discuss the other criteria, but I think the government waived it. They had an opportunity to say he didn't meet other criteria. Even if nothing else, the government could have said he didn't meet his burden on the other criteria. That would have been an argument that would have preserved the issue on the other four criteria. Don't you think every, everybody heading into sentencing, I mean, everyone, was confused on this relationship, the 2D, 5C relationship. In fact, the defendant in his own sentencing memorandum, for reasons I can't understand at all, asked to be sentenced to the 10 year mandatory minimum and in the alternative asked to be sentenced below that pursuant to the safety valve. That doesn't make any sense to me. If you thought you were safety valve eligible, you'd say, heck no, I don't want the mandatory minimum. I want to be below the 10. And he goes in and says, sentence me to 10. And in the alternative, give me safety valve relief. That's odd. I hate to pile on here, but especially in this case where the safety valve, the application of the safety valve has really significant consequences for this defendant. Yeah. I'm not so sure. Do you think his defense, I'm not sure his defense lawyer understood it. And I think if what you're getting at is whether it's forfeited rather than preserved. I agree that it could have been better drafted objections. But he did object in his objections to the PSR, to the statutory minimum. He certainly did not waive a safety valve argument. I read the alternative argument. No, you're right. You're right about that, Mr. Roy. He's referencing it all the way through, just not with a lot of clarity. I think maybe it could be a difference between state court practice versus federal court practice. Maybe he was more used to state court thinking, I'll flesh this out at the hearing. I don't need to present it as thoroughly in my written submissions. And I guess I would say that it is de novo review because the judge did consider the objection. The court made findings of fact relevant to the safety valve, stated a rule of law, applied the rule of law to the findings. This is nothing like Ramirez the last time this issue came up, which the government relies on where nobody had discussed safety valve at all in the district court. Yeah. Can you speak to the so-called inoculating statement? And I asked that against the backdrop of a legal question. You agree district courts have the authority to consider unwanted disparities within the same case in multi-defendant cases? I mean, yes, I agree that. I think district courts always have the authority to avoid unwanted disparities, whether it's within the same case or within multiple cases. Okay. So what's your take on the district court's inoculating statement? Because it does seem, even though there was confusion on the 2D, 5C relationship and the whole safety valve point, that at the end, she said, look, 10 is warranted here. And she said that mindful of where all those other defendants in the same case were situated. Well, I think what's key is that every other defendant in this case received a within guidelines or below guidelines sentence. Other defendants who received 10 years had mandatory minimum. So saying this is consistent with other defendants who didn't get safety valve relief, that reasoning just doesn't apply if the safety valve applies anymore. And I mean, the government points to Waithe Williams' sentencing where the court made some comments about a policy disagreement, but the government's brief takes the court's statements that Williams is sentencing, I think out of context. The court was very clearly talking about sort of a standard response the court has to meth actual versus meth mixture saying, I don't agree with the fact that meth actual has a higher sentencing. Went at length describing why the judge thought that meth mixture and meth actual should be treated the same. And then said in any other case, I would apply my policy disagreement. That's just wasn't an issue in Mr. Bingham's case. But there's no reason to think the judge would have thought Bingham was more culpable than Mr. Williams. Williams was a repeat drug offender. Bingham wasn't. Even if Williams had received a meth mixture guidelines range, he still would have a higher guidelines range than Mr. Williams. And I really want to highlight the difference, the severity of the error here, and that if he had gotten safety valve and the additional two level decrease for safety valve relief, Bingham's range would be only 46 to 57 months. That's less than half of the 10 year minimum. And with the new guidelines that came out on November 1st, he would also be subject to an additional two level decrease because he has zero criminal history points. That would bring him down to 37, 46 months. I don't see anything in the, even the inoculating statements that suggest the court would treat it the same with that much lower range. And I'll reserve the rest for rebuttal unless the court has additional questions. Yeah. Yeah. We'll give you some time on rebuttal. Thank you. Mr. Norwood. Good morning. Good morning, your honors. And may it please the court. Thank you for allowing me to appear by video this morning. I think the confusion that this court has alluded to speaks to the reason why the plain error standard favors the government in this case. The defendant did not raise the specific issue. Mr. Norwood, wouldn't you lose even under that statement under plain error here? No, your honor. The government believes it clearly prevails under the plain error standard. And that is because the issue of the narrowness of the statute and 5C1.2 versus 2D1.1B1, that is not, that's not a clear issue or clear. That hasn't been clearly resolved in this circuit. But Mr. Norwood, can I interrupt you on that? We've never decided it, but every circuit that has decided it, and that's quite a few, has held that there's a difference between the safety valve and the two level gun enhancement. Can I ask you two questions? One, if we do remand for resentencing, if we do, should we remand for a wholesale resentencing where the district judge can consider whether or not the safety valve applies because the defendant possessed a gun in furtherance of the conspiracy? Your honor, I believe so. If you're going to remand it, I think the whole safety valve is at play and all five factors are at play. In this case, the PSR did not award the safety valve. The PSR said there was a gun enhancement under 2D1.1B1. And there's plenty of evidence, there's plenty of evidence in the record for that. And the district judge may not have to take, she may not have to have new evidentiary hearings. She may not need to hear new witnesses. She may just be able to articulate her reasons on the record. But is there a reason that, is there any reason we shouldn't allow her to do that? If you're going to remand, the government suggests you do because this particular issue that's raised on appeal is being raised for the first time. And Judge Yandl did not have an opportunity to base her decision based on all the authority that the defense now cites. So, I think it should. But I don't think remand is necessary. I think the harmless error argument in the inoculating statement also provides a basis for affirmance in this case. Can I ask you about the inoculating statement? Sure. Here, the district judge said a little bit more than I would just, I would give the same sentence, right? She didn't just say, I would give the same sentence if I got the guidelines wrong. She said a little bit more than that. She said, considering the conduct and considering the defendants or considering the co-defendants sentences. But where should we draw the line in what's enough for the district judge to say? And maybe in a case where we would want to see more, particularly if the safety valve applies, Mr. Roy is right. The defendant is looking at a significantly decreased guideline range. The judge could depart to 10 years if she wanted, but that the guideline range changes quite significantly. But I would say with respect to this, and line drawing is always difficult where you say where to draw the line. But in this particular case, Judge Jandel knew that if the safety valve applied, the defendant's range would be 57 to 71 months. She said that in her analysis of the 3553A factors. If this were simply a case where, I mean, once the mandatory minimum applied, then she could have just said, I'm sentencing you to 120 months based on the mandatory minimum. She did not do that. She went through the 3553A factors at length and noted she had sentenced all the other defendants in this case. This was a, I believe it was a 10 defendant case, nine or 10 defendant case, and she had sentenced most of all the defendants before then. So she knew what would be a reasonable sentence for this defendant given his role in the conspiracy. And she articulated that when she went through the 3553A factors at length. And Judge Jandel is not shy about saying when she believes the mandatory minimum is too harsh. She's not shy about that. In this case, she said just the opposite. So the government believes you can avoid the first issue with respect to the standard review in the plain air, and affirm based on the harmless air standard and the inoculating statement. Mr. Norwood, what's the government's position on the underlying substantive question about the interpretation of 2D vis-a-vis 5C1.2? If it's remanded, we'll be through all the briefing and on that. It's, I think it's a difficult issue for the government given the precedent from other circuits, but it's still an issue of first impression in this circuit, and the government would have to do further research. And that's one reason why plain air exists because if this were raised, if this specific issue were raised and not just generally safety though, if this issue were raised, there would have been full briefing before the district court and the district court would have made a decision based on full briefing. Yeah, what concerns me about it is when I, you may disagree with me, you can speak to it, is when I read the transcript, there's just no meaningful dialogue about whether he's safety valve eligible. Everyone just kind of skipped through the 2D versus 5C issue. And so what happens then when you kind of skip through it, if he's not safety valve eligible, he's facing a 10-year statutory mandatory minimum. And what I, absent a dialogue on the safety valve eligibility, what I worry about is that the mandatory minimum kind of anchored all of the thinking about the application of 3553 factors. I just don't think anybody, I don't think anybody realized the 5C issue. I don't think anybody caught it. I think the defendant was as confused as anybody. Well, I think that when you, when you talk about the plain air standard, one of the requirements of that standard is that the air be so plain and obvious that even the court or government council would have a, basically a duty to raise it and say, this, this applies, even though the defense doesn't raise it. Because it's not clear and obvious, nobody raised it. I've been doing this for 25 years, and I was not aware of the distinction between the statute, the 5C 1.1 and 2D 1.1, the 2D 1.1 D1. Perhaps that's because the defendants always possessed the firearm personally, and we haven't had this issue. But in my 25 years, this issue has never came up, come up with me. Yeah. In those courts that it has come up though, and in fairness to Mr. Bingham's position, I think all eight circuits that have considered the question have considered the legal question in the defendant's favor, even though it may not arise that often. That may not be, that may be true, Your Honor, but I guess two things. One, it still hasn't been decided in this circuit, and occasionally this circuit has been known to go on notwithstanding the decisions of other circuits. So it's the question of whether it's clear and plain air that both the court and the government had a duty to raise, even if the defendant did. And I don't think that's there. Yeah. I mean, the premise of the premise of the point you're making is that plain air applies, and it seems pretty clear to me that in Mr. Bingham's objections to the PSR and his, his sentencing memorandum, albeit without the clarity that with hindsight, he probably wishes he would, he clearly was pressing the position that he was safety valve eligible. Well, I guess I disagree with you there, Judge. And the reason I do is because all he said was I'm entitled to the safety valve without any argument as to why, without any analysis of any of the five factors that's akin to saying, I disagree with relevant conduct. And that preserves for appeal, all arguments regarding relevant conduct, they can be thought of after the fact. He did not specifically raise this particular issue. And it's, it's a, it's a very narrow issue. Well, in his, in his objections to the guideline calculation and objections to the PSR, or the initial direct cut of it from probation document 447. Yes, Your Honor. He block quotes, this, the safety valve factors. Yeah. And then he goes, so he must think he's safety valve eligible. Why else would he be doing that? And then at the end of that, he says, it's my assertion or the defendant's assertion that he's met all of these criterion. And a lot of them there are not going to be, I mean, you're not going to object to his criminal history. Everybody agrees with his criminal history. Nobody says the case involved death or serious bodily injury. So a lot of these are quick check checks. Well, and they may be, but there's an absolutely no analysis of it. And I think even the court mentioned that during the sentencing hearing, where the court said, I would point out, you mentioned regarding the safety valve, you mentioned that, but I don't see any argument or faith, elaboration of your position as to why you believe he is eligible for the safety valve. So it's just basically, here's the, here's the guideline. He's eligible with no further elaboration. But again, I think the harmless error analysis avoids that if the court wants. The court can, obviously this court can read the record and, and the record is what it is. But the government believes that prevails under both standards. Thank you. You're quite welcome. I'm hearing none from the bench, Mr. Norwood. Thanks to you, Mr. Roy, you have, we'll we'll give you the full minute. You're welcome. Just a couple of points I would like to make in rebuttal. First, to the extent that this court ends up applying plain error, Judge Scudder, as you've said, one reading is that everyone just sort of skipped through the issue that we bring up on appeal. But I want to this court has previously said, as the Supreme Court has said, plain error review is not a grading system for district judges. The question is not whether Judge Yandel should have noticed the issue and jumped in to fix it. It's only whether the error is straightforward with the benefit of hindsight. And we think it is because of how every circuit has ruled exactly the same way on this. Judge Kirsch regarding law of the case. I did find one citation for you, United States v. Robinson, 29F4-370. In that case, as the court explained, mandate rule, law of the case, generally prohibits a lower court from reconsidering on remand an issue expressly or impliedly decided by a higher court. The bar is not absolute. If there's intervening law or something like that, it could change when it comes back up on appeal. But since our argument depends on the district court's findings that he did not personally possess and furthers the argument, our position is that we are relying on that finding as part of our argument and that this court's ruling would impliedly rely on that finding as well. Unless there's any further questions, thank you. Mr. Roy, thanks to you. We'll take the appeal under advisement. Thanks to both counsel.